B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>AURELIO RIVERA FIGUEROA | **DEFENDANTS**<br>OPERATING PARTNERS, CO. LLC;<br>MIDLAND CREDIT MANAGEMENT PR, LLC;<br>MIDLAND FUNDING, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Carlos Alsina Batista Law Offices, PSC,<br>1519 Ponce De Leon Ave., Firstbank Bldng. Suite 513<br>San Juan, PR 00909 (787)615-8733 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
VIOLATION OF AUTOMATIC STAY; 11 U.S.C. Sec. 362(k); ACTUAL AND PUNITIVE DAMAGES;
VIOLATION OF THE DISCHARGE INJUNCTION; 11 U.S.C. Sec. 524; CONTEMPT; DAMAGES

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☒ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 45,000 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>**AURELIO RIVERA FIGUEROA** | BANKRUPTCY CASE NO.<br>**16-02956** | | |
| DISTRICT IN WHICH CASE IS PENDING<br>**DISTRICT OF PUERTO RICO** | DIVISION OFFICE<br>**San Juan** | | NAME OF JUDGE<br>**Hon. Brian K. Tester** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>**September 14, 2017** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**Carlos C. Alsina Batista** | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>AURELIO RIVERA FIGUEROA,<br>Debtor. | CASE NO: 16-02956(BKT) |
| AURELIO RIVERA FIGUEROA,<br>PLAINTIFF,<br><br>VS.<br><br>OPERATING PARTNERS, CO. LLC, MIDLAND CREDIT MANAGEMENT PR, LLC, MIDLAND FUNDING, LLC. Defendants. | CHAPTER 7<br><br>ADV.PROC.NO. 17-_____<br><br>**WILLFUL VIOLATIONS OF THE AUTOMATIC STAY; WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION, DAMAGES** |
| ROBERTO ROMAN VALENTIN,<br>CHAPTER 7 TRUSTEE. | |

C O M P L A I N T

**TO THE HONORABLE COURT:**

**NOW COMES**, PLAINTIFF, AURELIO RIVERA FIGUEROA, through the undersigned attorney, and very respectfully ALLEGES, STATES, PRAYS and REQUESTS RELIEF as follows:

**JURISDICTION AND VENUE OF THIS HONORABLE COURT**

This is a **core** proceeding under 11 U.S.C. §§ 362, 524, 727 and Fed.R.Bankr.P. 7001.

**Jurisdiction** is invoked under 28 United States Code U.S.C. § 157(a)(b)(1) and § 1334 since the facts of the Complaint arise in connection with a case under the Bankruptcy Code and concerns this Honorable Court's powers and property of the Debtor.

**Venue** is proper in this District Court under 28 U.S.C. § 1408 & § 1409, in as such as all the events or omissions giving rise to

the claims of the above-captioned case occurred within the territory of this jurisdictional district.

**PARTIES**

1. PLAINTIFF, AURELIO RIVERA FIGUEROA, was a Debtor in a Chapter 7 proceeding under the Bankruptcy Code (case 16-02956 (BKT)), and therefore, has standing to appear as PLAINTIFF.

2. CODEFENDANT OPERATING PARTNERS, CO. LLC, (hereinafter referred to as "Operating Partners") is a debt collection agency hired by Codefendant Midland Funding, LLC to carry out collection attempts against Plaintiff, in violation of the Automatic Stay Provisions of the Bankruptcy Code, and thus is responsible for the damages claimed in this complaint.

3. CODEFENDANT MIDLAND CREDIT MANAGEMENT, LLC (hereinafter referred to as "Midland Credit") is a debt-collection agency and the post-petition assignee of the Midland Funding's claim, who continued to make collection attempts on Midland Funding's behalf, after the filing of Debtor's bankruptcy petition and after the issuance of the Discharge Order.

4. CREDITOR and DEFENDANT MIDLAND FUNDING, LLC (hereinafter referred to as "Midland Funding") was the creditor of a duly included and duly discharged debt in Debtor's bankruptcy petition, which, directly, and/or through third parties, carried out acts in violation of the Automatic Stay and Discharge Order provisions of the Bankruptcy Code.

-2-

5. INSURANCE COMPANIES X, Y and/or Z, (hereinafter, "INSURANCE COMPANIES X, Y and/or Z"), are the insurance companies of the Defendant in this adversary proceeding who are liable for the acts against PLAINTIFF in violation of the Automatic Stay and Discharge Order provisions of the Bankruptcy Code and are therefore responsible for the damages and acts alleged in this complaint.

6. Roberto Roman Valentin was the Chapter 7 Trustee appointed by the Court to administer the Bankruptcy Estate in the above captioned Chapter 7 Bankruptcy Case.

**FACTUAL ALLEGATIONS**

7. On April 15, 2016, PLAINTIFF Rivera filed a Chapter 7 Bankruptcy petition; Case number **16-02956 (BKT)**. See **Docket No. 1.**

8. Debtor's Schedule E/F included an unsecured claim, in favor of Midland Funding, LLC, for which Operating Partners, Co., LLC, was notified as a collection agent. Midland Credit Management, LLC was also included as Midland Funding LLC's servicing agent, and Attorney Osvaldo Rodriguez Fernandez was also notified of Debtor's bankruptcy petition. The unsecured claim was for a Personal Loan, account number ending in **XX0086,** in the amount of $13,873.10. See Bankruptcy case's original Docket entry number 1.

9. At the time the bankruptcy petition was filed, PLAINTIFF caused notice of the filing to be given to all creditors, including Codefendants Operating Partners, Midland Credit and Midland Funding, directly, and through their legal counsel, Attorney Osvaldo Rodriguez Fernandez. Codefendants were informed

-3-

that all actions or proceedings to enforce any claims subsequent to the filing of the aforesaid petition were stayed by law.

10. The notice mailed by this Honorable Court to Codefendants included the following warning to all creditors: "*In most instances, the filing of the bankruptcy case automatically **stays** certain collection and other actions against the debtor and the debtor's property. ... If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, **you may be penalized**"* (added emphasis).

11. Upon receipt of this notice and request, and this Honorable Court's Notice, Operating Partners, Midland Funding, Midland Credit and/or any assignees and/or agents were required pursuant to 11 U.S.C. § 362 to **stop** any and all money actions against PLAINTIFF and his property, including court proceedings before any state and local courts.

12. By information and belief, on or around May 2016, Midland Credit became the servicing agent of Midland Funding's claim, in Operating Partner's stead.

13. On August 12, 2016, this Honorable Court issued a Discharge Order in Plaintiff's favor (**Docket No. 17**). The Court served the Discharge Order to all creditors, and was received by all creditors, including notice to Operating Partners, Midland Credit and Midland Funding's legal representative, Attorney Rodriguez Fernandez.

-4-

14. The Discharge Order Notice mailed to all creditors included the following warning: "*The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise,* **to file or continue a lawsuit,** *to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. … A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.*" (added emphasis)

15. Upon receipt of this Honorable Court's Notice, Creditors' employee(s), agent(s), representative(s), legal or otherwise, purchaser(s) and/or contractor(s) were required pursuant to 11 U.S.C. § 727 to **STOP** any attempt to collect any duly discharged debt against PLAINTIFF and his property.

16. Codefendants had knowledge of the filing of Plaintiff's bankruptcy petition and of the Automatic Stay Provisions of the Bankruptcy Code in effect.

17. As duly included and notified creditors, Codefendants also *had knowledge* of Plaintiff's Discharge Order.

### FIRST CLAIM

### WILLFUL VIOLATIONS OF THE AUTOMATIC STAY ORDER PURSUANT TO 11 U.S.C. § 362 AND CIVIL CONTEMPT

18. PLAINTIFF re-alleges each and every preceding allegation as if fully set herein against all co-defendants.

-5-

19. Section 362 of the Bankruptcy Code, in its pertinent part, reads as follows:

> "a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title [11 USCS §§ 301, 302, or 303], or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 [15 USCS § 78eee(a)(3)], operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;…..
>
> (2) .....................................;
> (3) .....................................;
> (4) .....................................;
> (5) .....................................;
> (6) any act to collect, **assess**, or **recover** a claim against the debtor that arose before the commencement of the case under this title;"

(Added emphasis)

20. Federal courts have concluded that both public and private creditors of debtor are subject to automatic stay; even parties who are not creditors of the Estate are subject to it. See In Re Claussen 118 B.R. 1009, 1015 (Bankr.D.S.D. 1990).

21. The filing of the petition effectuates the automatic stay of Section 362(a) of the Bankruptcy Code, protecting the debtor and the estate from most creditor actions. See 1-1 Collier

Consumer Bankruptcy Practice Guide P 1.02 (Matthew Bender 3d Ed. Revised 2005)).

22. Even after having been duly notified of the filing of Plaintiff's bankruptcy proceeding, Codefendants continued to collect on the debt.

23. In a brazen act violating the Automatic Stay, on May 11, 2016, Operating Partners, as agent of Midland Funding, filed before the Puerto Rico State Court, Florida Part, a Motion Notifying Transfer of Claim, from Operating Partners to Midland Credit Management, as servicing agent of Midland Funding. The motion before the State Court also requested the designation of a judicial depositary, in order for Midland Funding to garnish Debtor's property and thus, enforce the civil suit judgment against Debtor-Plaintiff.

24. To further compound the violation of the Automatic Stay provisions, also on May 11, 2016, Midland Credit, as an agent of Midland Funding, filed before the State Court a motion declaring Plaintiff's property to be seized as part of the collection efforts against Plaintiff ("*Moción de Señalamiento de Bienes*").

25. All Codefendants and Attorney Osvaldo Rodriguez Fernandez were notified of Plaintiff's bankruptcy proceeding approximately one month before the aforementioned judicial actions to collect the duly included debt. Codefendants had an affirmative duty to stop garnishment proceedings before the Puerto Rico Court. Codefendants had *knowledge* of the unlawfulness entailed in

requesting the continuance of garnishment proceedings, yet conspired to commit them in a blatant disregard of this Honorable Court's order.

26. The filing of the petition effectuates the automatic stay of Section 362(a) of the Bankruptcy Code, protecting the debtor and the estate from most creditor actions. See 1-1 Collier Consumer Bankruptcy Practice Guide P 1.02 (Matthew Bender 3d Ed. Revised 2005).

27. By continuing to make collection efforts through the aforementioned State Court motions, Codefendants acted with knowledge that Plaintiff had filed a bankruptcy petition. Codefendants' acts were willful and egregious violations of the Automatic Stay Order provisions pursuant to 11 U.S.C. § 362.

28. Plaintiff received a copy of each motion filed by Codefendants; which, being dated after he filed his bankruptcy petition, caused him to be genuinely fearful of losing both prospective income and personal property. The avoidance of garnishment against his property was the main reason that moved Plaintiff to file his bankruptcy petition. Thus, Codefendants' continued onslaught caused him severe anxiety.

**SECOND CLAIM**

**WILLFUL VIOLATIONS OF THE DISCHARGE ORDER PURSUANT TO 11 U.S.C. § 524(a)(2) AND CIVIL CONTEMPT**

29. PLAINTIFF re-alleges each and every preceding allegation as if fully set herein against Codefendants.

30. 11 U.S.C. § 524(a)(2) states that:

> [A discharge in a case under this title—] operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

31. On August 12, 2016, this Honorable Court issued Debtor's Discharge Order, that is, this Court ordered the discharge of, among others, Plaintiff's debt to all Creditors included in the Schedule "E/F". See **Docket No. 17** in Case No. 16-02956(BKT).

32. The Discharge Order was duly notified to all creditors by the Clerk of the Court, including Midland Funding, through its agents, Operating Partners, Midland Credit Management and Osvaldo Rodriguez Fernandez, Midland Funding's legal representative.

33. At no time, neither after the filing of the petition, nor after the issuance of the Discharge Order, did Codefendants file a Motion to stop their illegal garnishment proceedings before the Puerto Rico Court.

34. Codefendants had an ample window of time to request the Puerto Rico Court not to issue the requested Order of Seizure. Instead, Codefendants remained silent even after December 20, 2016, when the Puerto Rico State Court issued a Garnishment and Seizure Order per Codefendants' request.

-9-

35. On February 22, 2017, that is, six months after this Honorable Court issued the Discharge Order, the Puerto Rico State Court issued an Order for the Court's Bailiff to enforce the Seizure Order issued on December 20, 2016. Specifically, the Order instructed Bailiff to seize any personal property owned by Plaintiff, in order to sell them in public auction, in satisfaction of the pre-petition civil suit judgement. The reckless and continuous acts committed by Codefendants have deprived Plaintiff of his right to a financial fresh-start, which is a basic purpose of any bankruptcy process.

36. Codefendants' inaction while the State Court granted the requested garnishment orders was in violation of this Honorable Court's Discharge Order, in that the sole beneficiary of the State Court's actions would be Codefendants themselves. Codefendants' legal representative was adequately notified of the Discharge Order, yet did not file any motion to stop the State Court proceedings.

37. The State Court issued a Notice, dated February 22, 2017, specifically addressed to Codefendants' legal counsel, Osvaldo Rodriguez Fernandez, clearly stating that the Seizure Order was in response to their Motion for Transfer of Claim and Requesting a Depositary. Codefendants cannot credibly claim that they were unaware of the continuing garnishment proceedings before the Puerto Rico State Court. This Court Notice speaks volumes about

the willful nature of Codefendants' violation of the Discharge Order.

38. The aggregate acts committed by all the aforementioned Codefendants have deprived Plaintiff of his right to a financial fresh-start, which is a basic purpose of any bankruptcy process.

39. As a result of the willful, intentional, deliberate and unlawful actions perpetrated by Codefendants, Plaintiff has become extremely anxious, and has had sleep disturbances due to the fear of losing his present and prospective income and/or any personal property he sought to protect through the Chapter 7 bankruptcy proceeding. Plaintiff is entitled to compensatory damages in the amount of no less than **$15,000** for Suffering caused to Plaintiff, Mental Anguish and the Deliberate Disruption of Plaintiff's financial rehabilitation efforts, which are a basic tenet of Bankruptcy Law.

40. CODEFENDANTS' *intentional* and *deliberate* actions were done in reckless disregard of this Honorable Court's orders, namely the Automatic Stay of Collections Order under 11 U.S.C. § 362, as well as the Discharge Order provisions under 11 U.S.C. § 524, for which punitive damages in the amount of no less than $30,000 should be awarded to PLAINTIFF.

41. It has been necessary for Debtor to retain Counsel to prosecute the litigation based upon the willful violations of the Automatic Stay and Discharge Order provisions, and Counsel has

incurred and will incur costs and other related expenses in prosecuting this action.

42. As a result of CODEFENDANTS' deliberate actions, PLAINTIFF is entitled to costs and attorney's fees incurred defending the stay violations and prosecuting this action. See <u>In re Vázquez Laboy</u>, 647 F.3d 367, 376 (1st Cir. 2011).

43. Once the Court determines there is a willful violation of the stay, 11 U.S.C. 362(k) mandates that damages be assessed; Debtor is entitled to recover actual damages, costs and attorney's fees. Under this case's circumstances, the Court may award punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE,** in view of the foregoing, PLAINTIFF respectfully requests this Honorable Court to grant judgment in his favor in the following manner:

1. Order CODEFENDANTS to cease and desist of any and all collection efforts.

2. Find that CODEFENDANTS are in contempt of the Court for its multiple willful violations of the Automatic Stay and Discharge Order provisions of the Bankruptcy Code.

3. Award PLAINTIFF, pursuant to 11 U.S.C. §§ 105(a) and 524 an amount no less than **$15,000** for actual damages and no less than $30,000 for punitive damages, and all attorney's fees and costs for the violation of the Automatic Stay and Discharge Order.

-12-

4. Any other relief that this Honorable Court may deem just, equitable and appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on 6th day of July, 2017.

**CARLOS ALSINA BATISTA LAW OFFICES, PSC**
1519 Ponce de Leon Ave.
Firstbank Bldng., Suite 513
San Juan, Puerto Rico 00909
Tel.(787)615-8733/(787)202-4880

_____
Carlos C. Alsina Batista
USDC-PR NO. 222801
Email: calsina@prquiebra.com

_____
Joaquín M. Lago-González
USDC-PR NO. 304308
**Email:** jlago@prquiebra.com

-13-