**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** <br><br> **AURELIO RIVERA FIGUEROA** <br><br><br> Debtor(s) | **CASE NO. 16-02956  BKT** <br><br> **Chapter  7** <br><br> **Adversary No.  17-00259** |
| **AURELIO RIVERA FIGUEROA** <br><br> **Plaintiff** <br> **vs.** <br><br> **OPERATING  PARTNERS  CO LLC; ET AL** <br><br> **Defendant(s)** | <br><br><br><br><br> FILED & ENTERED ON 01/26/2018 |

## <u>OPINION & ORDER</u>

Before the Court is Co-Defendant Operating Partners Co., LLC's (hereinafter "Defendant") *Motion to Dismiss Complaint* [Dkt. No. 6] and *Reply to Opposition to Motion to Dismiss and Opposition to "Leave to Take Discovery Pursuant to Fed. R. Civ. P. 56(F)" and to "Have It Adjudicated Under a Summary Judgment Standard"* [Dkt. No. 21]; and Aurelio Rivera Figueroa's

1

(hereinafter "Debtor" or "Plaintiff") *Opposition to Motion to Dismiss Filed by Operating Partners, Co. LLC, or, in the Alternative for Leave to Take Discovery Pursuant to Fed.R.Civ.P. 56(f) and have it Adjudicated Under Summary Judgment Standard* [Dkt. No. 17]. For the reasons set forth below, Defendant's *Motion to Dismiss Complaint* [Dkt. No. 6] is hereby **DENIED**.

### **Procedural and Factual Background**

On April 15, 2016, Debtor filed for voluntary Chapter 7 bankruptcy. Midland Funding, LLC was included in Debtor's schedules E/F as the holder of an unsecured claim for a personal loan in the amount of $13,873.10. [Dkt. No. 1, at pg. 3]. Defendant was notified of the filing of the petition as Midland Funding, LLC's debt collection agent. Id.

Plaintiff asserts and Defendant does not deny that on May 11, 2016, Defendant filed a motion entitled Motion Notifying Transfer of Claim in a state court proceeding , wherein Defendant transferred to Midland Credit Management PR, LLC (hereinafter "Midland PR"), as the new servicing agent of Midland Funding, LLC, its interest in Plaintiff's account. Id. The complaint further alleges that despite having notice of the operation of the automatic stay, said motion contained a request for "the designation of a judicial depository, in order for Midland Funding to garnish Debtor's property and thus, enforce [a] civil suit judgment against Debtor[.]" [Dkt. No. 1 at pg. 7]. Furthermore, Plaintiff accuses Midland PR of filing in the same court on the same date, May 11, 2016, "a motion declaring Plaintiff's property to be seized as part of the collection efforts against plaintiff." Id.

2

On September 14, 2017, Plaintiff initiated this post-discharge proceeding for alleged violations of 11 U.S.C. §§ 362 and 524(a)(2) and civil contempt against Defendant and additional Co-Defendants, Midland Funding, LLC and Midland PR. Specifically, Defendant is accused of violating the automatic stay because it filed the aforesaid motion in state court after being notified of the bankruptcy petition. On September 29, 2017, Defendant filed a *Motion to Dismiss Complaint* arguing: (1) that the motion filed in state court is not comprehended within the scope of § 362 prohibitions, (2) that Plaintiff's claims against it were tolled and/or laches applied, and, lastly, (3) that Plaintiff is judicially estopped from asserting its claim.

**Applicable Rules and Standards**

**Fed. R. Civ. P. 12(b)(6) via Fed. R. Bankr. P. 7012(b)**

Fed. R. Bankr. P. 7012(b) applies Fed. R. Civ. P. 12(b)(6) to adversary proceedings before the Bankruptcy Court. "The purpose of a Rule 12(b)(6) motion is to test the formal sufficiency of the statement of the claim for relief." 5B Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1356 (3d ed.) As such, said motion must be considered in conjunction with Fed. R. Civ. P. 8(a)(2) which sets forth the general rules for pleading in federal courts. Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In general, then, district courts must find a balance between the philosophy of liberal construction of the federal rules of procedure and the desire to give defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47

(1957).  It is settled that a court's duty is to ascertain whether the complaint's well-plead facts, construed in the light most favorable to the plaintiff, taken as true and making all reasonable inferences in favor of the pleader, constitute a statement revealing a plausible entitlement to relief. See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 7 (1st Cir. 2011).

The plausibility standard derived from Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), can be stated as the proposition that for a complaint to survive a Rule 12(b)(6) motion it must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This involves a two-step process wherein the court first "isolate[s] and ignore[s] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements[]". Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012); and only then, on the basis of the remaining well-plead facts, does it proceed to determine whether the allegations "raise the right to relief above the speculative level" to that of plausibility. Id. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556)).

As a general rule, dismissal under Rule 12(b)(6) is not typical. An exception may occur when the complaint itself contains allegations that bar granting the relief requested. This may occur, for instance, when the allegations themselves establish an affirmative defense. For this to occur, First Circuit precedent requires "that (i) the facts establishing the defense are definitively ascertainable

from the complaint and the other allowable sources of information, and (ii) [that] those facts suffice to establish the affirmative defense with certitude." <u>Ruiz-Sanchez v. Goodyear Tire & Rubber Co.</u>, 717 F.3d 249, 252 (1st Cir. 2013) (quoting <u>Nisselson v. Lernout</u>, 469 F.3d 143, 150 (1st Cir. 2006)).

**Standard for Laches**

As is well known, "[l]aches is 'a defense developed by courts of equity' to protect defendants against "unreasonable, prejudicial delay in commencing suit." <u>SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC</u>, 137 S. Ct. 954, 960, (2017) (quoting <u>Petrella v. Metro-Goldwyn-Mayer, Inc.</u>, 134 S. Ct. 1962, 1968 (2014)). As such, the doctrine is considered "within the 'sound discretion of the court'" and "a shield, not a sword." <u>Doyle v. Huntress, Inc.</u>, 513 F.3d 331, 335 (1st Cir. 2008) (quoting <u>Puerto Rican–American Ins. Co. v. Benjamin Shipping Co.</u>, Ltd., 829 F.2d 281, 283 (1st Cir.1987)).

"[L]aches bars [the] assertion of a claim where a party's delay in bringing suit was 1) unreasonable, and 2) resulted in prejudice to the opposing party." <u>K-Mart Corp. v. Oriental Plaza, Inc.</u>, 875 F.2d 907, 911 (1st Cir. 1989). The laches defense is not a one dimensional doctrine. <u>See Cornetta v. United States</u>, 851 F.2d 1372, 1379 (Fed. Cir. 1988). The moving party bears the burden of establishing both the unreasonableness of delay and the prejudice caused. The unreasonableness of the delay is judged according to the amount of time elapsed and a whether the non-moving party's conduct amounts to acquiescence in the alleged wrong. <u>Sch. Union No. 37 v. Ms. C.</u>, 518 F.3d 31, 35 (1st Cir. 2008). Finally, the party asserting the defense must make a clear showing of prejudice. <u>Sch.</u>

Union No. 37, 518 F.3d at 35 (citing Murphy v. Timberlane Reg'l Sch. Dist., 22 F.3d 1186, 1189 (1st Cir. 1994)).

**Judicial Estoppel**

In New Hampshire v. Maine, 532 U.S. 742 (2001), the Supreme Court of the United States recognized the equitable and discretionary nature of the doctrine of judicial estoppel as applied by the several circuits. The Supreme Court declared that the primary purpose of doctrine is to "protect the integrity of the judicial process, by prohibiting parties from deliberately changing positions according to the exigencies of the moment[.]" New Hampshire, 532 U.S. 749-750. It is generally held that "[j]udicial estoppel [must be] applied with caution to avoid impinging on the truth-seeking function of the court[.]" Perry v. Blum, 629 F.3d 1, 11 (1st Cir. 2010) (quoting Teledyne Indus., Inc. v. NLRB, 911 F.2d 1214, 1218 (6th Cir. 1990)).

The First Circuit Court of Appeals first construed the New Hampshire decision in Alternative System Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23 (1st Cir. 2004), and acknowledged that "[t]he contours of the doctrine are hazy, and there is no mechanical test for determining its applicability [thus] [e]ach case tends to turn on its own facts." Alternative Sys. Concepts, 374 F.3d at 33. That being said, "[t]here are two generally agreed-upon conditions for the application of judicial estoppel. First, the estopping position and the estopped position must be directly inconsistent, that is, mutually exclusive. Second, the responsible party must have succeeded in persuading a court to accept its prior position." Guay v. Burack, 677 F.3d 10, 16 (1st Cir. 2012) (citing Alternative Sys. Concepts,

6

374 F.3d at 33.)

The New Hampshire decision also mentions as a third oft-considered factor "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." New Hampshire, 532 U.S. at 751 (2001) (citing Davis v. Wakelee, 156 U.S. 680, 689 (1895)). However, as a general rule, in the First Circuit a showing of unfair advantage is not required for application of the doctrine, but the courts will consider its presence "a powerful factor in favor of applying the doctrine." Guay, 677 F.3d at 16-17 (1st Cir. 2012). See Thore v. Howe, 466 F.3d 173, 182 (1st Cir. 2006) (the court "rejected as a prerequisite to application of the doctrine that the party asserting the inconsistent position be shown to have benefitted from the court's acceptance of the party's initial position."); Alternative Sys. Concepts, 374 F.3d at 33 ("benefit is not a *sine qua non* to the applicability of judicial estoppel.").

**Discussion**

In its *Motion to Dismiss*, Defendant moved for dismissal of the instant claim on the grounds of failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Defendant accepts it filed the May 11, 2016 motion in question, but argues that the action does not fall within the scope of § 362 prohibitions against commencing or continuing judicial actions against Plaintiff.

On a Rule 12(b)(6) motion, the court is obligated to construe the complaint's well-plead facts in the light most favorable to the plaintiff and make all reasonable inferences in favor of the pleader.

7

See Ocasio-Hernandez, 640 F.3d at 7. Plaintiff alleges the motion before state court also requested the designation of judicial depository in order to garnish Plaintiff's property and Defendant nowhere denies this claim.  This allegation appears sufficient to "nudge[] [Plaintiff's] claims [for relief] across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Without the benefit of a more developed record which includes the motion in question, dismissal under Rule 12(b)(6) does not appear proper at this time.

Defendant's second argument invites the court to dismiss Plaintiff's complaint on the basis of laches.  Defendant's argument rests on two premises: 1) that Plaintiff knew of the May 11, 2016 motion in time to have filed the adversary claim before the § 341 meeting or the discharge order and that not doing so constitutes lack of diligence, and 2) that Defendant corporation closed operations in August 2015, and thus lacks records or evidence to defend itself.

The court finds Defendant's arguments unpersuasive as to both elements of the defense. Defendant has not made clear why the failure to file an adversary case either before the § 341 meeting or the issuance of discharge order constitutes unreasonable delay or lack of diligence by Plaintiff. Neither does Defendant provide any binding or persuasive authority on the matter that would lead this court to conclude otherwise. Moreover, the court does not agree that Plaintiff's conduct was so unreasonable and unexcused so as to amount to "sleeping on" or forfeiting his rights. Plaintiff alleges the instant complaint was in response to the February 22, 2017, Puerto Rico State Court Order to Enforce Seizure. The court finds it was not unreasonable for Plaintiff to wait until the

8

bankruptcy petition was settled and the discharge order had been issued to object to Defendant's actions in order to avoid unnecessary litigation. Furthermore, without a statute of limitations to prevent the adversary proceeding, the court does not regard the amount of time transpired as constituting unreasonable delay. "[T]he mere fact that time has elapsed from the date a cause of action first accrued is not sufficient to bar suit; the delay must be unreasonable and unexcused." Cornetta v. United States, 851 F.2d 1372, 1377–78 (Fed. Cir. 1988).

Since Defendant did not meet its burden of demonstrating the unreasonableness of Plaintiff's alleged delay, this court need not reach the issue of prejudice. Suffice it to say that a naked assertion of lack of evidence, records or unavailability of supporting documentation is not enough to meet the burden of showing prejudice. "Showing of prejudice must be supported by 'substantial evidence.'" Murphy, 22 F.3d at 1189 (1st Cir. 1994). Defendant wholly "fails to point to any . . . particular documents (or types of documents) that [it] might have located but for the delayed commencement of the action. Proving prejudice requires . . . at least a hint of what witnesses or evidence a timeous investigation might have yielded." Vineberg v. Bissonnette, 548 F.3d 50, 58 (1st Cir. 2008).

Finally, Defendant's third argument invites the court to protect the integrity of its processes by estopping Plaintiff from pursuing the violation of automatic stay claim. According to Defendant, Plaintiff is judicially estopped because the latter failed to disclose the existence of the claim as an asset during the Chapter 7 proceedings or before the discharge order was issued. The court disagrees with Defendant's argument since it conflates a debtor's disclosing duties under Chapter 7 and

9

Chapter 13.

It is true that a number of First Circuit cases have consistently held "that a failure to identify a claim as an asset in a bankruptcy proceeding is a prior inconsistent position that may serve as the basis for application of judicial estoppel, barring the debtor from pursuing the claim in a later proceeding." Guay, 677 F.3d at 17 (citing Moses v. Howard Univ. Hosp., 606 F.3d 789, 798 (D.C. Cir. 2010)). However, at the time of the bankruptcy filing Plaintiff could not have disclosed the claim because it simply did not exist. Therefore, the first prong of the judicial estoppel analysis is not satisfied.

Chapter 7 debtors' duty to disclose potential causes of actions applies only as to claims accrued pre-petition or, in some instances, those sufficiently rooted in the pre-bankruptcy past so as to be properly considered part of the estate. Plaintiff's claim is neither. The instant an individual debtor files for bankruptcy, a bankruptcy estate is immediately created which encompasses, with certain exceptions, "all legal or equitable interests of the debtor in property *as of the commencement of the case*." 11 U.S.C.S. § 541(a)(1) (Emphasis added). However, unlike Chapter 13 bankruptcy cases where the estate statutorily includes "in addition to the property specified in section 541 of this title all property of the kind specified in such section that the debtor acquires after the commencement of the case," 11 U.S.C.S. § 1306, a Chapter 7 "estate is normally comprised only of property and interests therein belonging to the debtor at the time the petition is filed. Property which a debtor subsequently acquires 'does not become property of the estate, but becomes the debtor's,

10

clear of all claims that are discharged by the bankruptcy proceedings.'" Massillon v. Riley (In re Massillon), No. MB 10-024, 2011 Bankr. LEXIS 83, at *11 (B.A.P. 1st Cir. Jan. 11, 2011) (citing Patrick A. Casey, P.A. v. Hochman, 963 F.2d 1347, 1350 (10th Cir. 1992)). See also, Harris v. Viegelahn, 135 S. Ct. 1829, 1835 (2015) ("[A] Chapter 7 estate does not include . . . assets [debtor] acquires after the bankruptcy filing . . . . [W]hile a Chapter 7 debtor must forfeit virtually all his prepetition property, he is able to make a "fresh start" by shielding from creditors his post-petition earnings and acquisitions.) Therefore, in the instant case, Plaintiff was under no obligation to disclose the potential claim against Defendant as an asset after it filed the bankruptcy petition since the claim was never a property interest belonging to the estate. See Harms v. Cigna Ins. Companies, 421 F. Supp. 2d 1225, 1228–29 (D.S.D. 2006) ("[a]ny cause of action that accrues after the filing of the bankruptcy petition is property of the debtor[,] the debtor is not required to disclose causes of action that accrue after filing of the petition, and failure to disclose does not estop the debtor from prosecuting the claim at a later date.")

Finally, Defendant cites Cannon-Stokes v. Potter, 453 F.3d 446 (7th Cir. 2006) in support of its contention that Plaintiff failed to disclose the cause of action. Nonetheless, the facts of that case are clearly distinguishable from the case at bar and do not support Defendant's argument. Cannon-Stokes dealt with a debtor who *while* pursuing an administrative claim against her former employer failed to list it as an asset at the time of filing her bankruptcy. In the case at bar, the cause of action against Defendant and the other parties did not exist nor accrued to Plaintiff until after the filing of

11

the bankruptcy petition. The situation in <u>Biesek v. Soo Line R.R. Co.</u>, 440 F.3d 410, 411 (7th Cir. 2006) is similar to <u>Cannon-Stokes</u> in so far as the cause of action had accrued to the debtor pre-petition and it failed to disclose it as a potential claim.

**Conclusion**

This court considers Plaintiff's well-plead allegations sufficient to allow the inference that it is plausibly entitled to relief since there is the uncertainty concerning the role Defendant played in the filing of the May 11, 2016 motion, and whether it intended further collection of the pre-petition debt in concert with co-defendants. Furthermore, the filing of Plaintiff's complaint does not seem unreasonably delayed and the court is not persuaded it should estop Plaintiff in order to protect the integrity of the judicial proceedings. For the foregoing reasons Defendant's *Motion to Dismiss Complaint* [Dkt. No. 6] is hereby DENIED.

SO ORDERED

San Juan, Puerto Rico, this 26th day of January, 2018.

Brian K. Tester
U.S. Bankruptcy Judge

12