# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO.  16-02956   BKT** |
| **AURELIO RIVERA FIGUEROA** | **Chapter  7** |
| | **Adversary No.  17-00259** |
| **Debtor(s)** | |
| **AURELIO RIVERA FIGUEROA** | |
| **Plaintiff** | |
| vs. | |
| **OPERATING PARTNERS CO LLC; MIDLAND FUNDING LLC; MIDLAND CREDIT MANAGEMENT PUERTO RICO LLC** | |
| **Defendant(s)** | **FILED & ENTERED ON 05/25/2018** |

## OPINION & ORDER

Before the court is Co-Defendant Operating Partners Co., LLC's (hereinafter "Defendant")

*Motion for Reconsideration* [Dkt. No. 35] and Aurelio Rivera Figueroa's (hereinafter "Debtor" or

"Plaintiff") *Opposition to Motion for Reconsideration of Order Denying Motion to Dismiss* [Dkt.

No. 36]. For the reasons stated herein, Defendant's *Motion for Reconsideration* [Dkt. No. 35] is

hereby DENIED.

1

Defendant's motion for reconsideration was filed within the fourteen (14) days allowed by Fed. R. Bankr. P. 9023,[1] so the court will proceed to analyze the merits of the reconsideration under Fed. R. Civ. P. 59. The First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006); In re PMC Mktg. Corp., 09-02048, 2013 WL 4602763 (Bankr. D.P.R. Aug. 29, 2013).

Accordingly, a Rule 59(e) motion for reconsideration usually cannot be granted absent highly unusual circumstances, unless the court is presented with (1) newly discovered evidence, (2) committed clear error, or (3) there is an intervening change in the controlling law. See Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir.2008); see also Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir.1994) (citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir.1992). Summarily, Rule 59 is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F.Supp.879, 889 (E.D.Va.1977).

Defendant's motion for reconsideration argues that the court erred in its Opinion and Order [Dkt. No. 32] by failing to examine documents provided by the Debtor prior to the court rendering its Opinion. The documents were filed as exhibits to a motion requesting leave to file the documents

---

[1] Federal Rule of Bankruptcy Procedure 9023 incorporates Federal Rule of Civil Procedure 59 to apply in cases under the Bankruptcy Code.

[Dkt. No. 28].[2]  Soon after, the Defendant filed a motion in which it stipulated and admitted the veracity of the documents and their contents. Defendant alleges that these documents  prove that it in fact did not request the seizure of any amount or requested to be named as a depositary. It is important to note for this discussion that the court never granted *Debtor's Motion for Leave to File Uncontroverted State Court Documents Relied Upon by the Parties in Requesting and Opposing Dismissal under the Rule 12(b)(6) Standard and Tendering Same Subject to the Court's Leave* [Dkt. No. 28], nor were the documents and Defendants motion reviewed. Neither was pertinent to the court's analysis of Defendant's motion to dismiss.

A court's goal in reviewing a Rule 12(b)(6) motion is to determine whether the factual allegations in the plaintiff's complaint set forth "a plausible claim upon which relief may be granted." Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 353 (1st Cir. 2013). Barring "narrow exceptions," courts tasked with this feat usually consider only the complaint, documents attached to it, and documents expressly incorporated into it. Id.  The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to assess the legal feasibility of a complaint, not to weigh the evidence which the plaintiff offers or intends to offer. See Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2nd Cir. 1984); Citibank, N.A. v. K-H Corp., 745 F.Supp. 899, 902 (S.D.N.Y.1990). The court made that assessment in its previous Opinion when it determined that Plaintiff's allegations were sufficient to allow the inference that he is "plausibly entitled to relief since there is the uncertainty concerning the role Defendant played in the filing of

---

[2] The documents in question were originally filed in the Commonwealth of Puerto Rico Court of First Instance Civil case number - DFCM20150086 and are in the Spanish language. They are (a) a motion for substitution of parties; (b) an order granting the request for substitution; (c) an order to seize; and (d) a writ to seize.

the May 11, 2016 motion, and whether it intended further collection of the pre-petition debt in concert with co-defendants."[3]

After considering Defendant's argument, the court is not persuaded it should reverse its previous determination. Defendant's motion does not present this court with genuine reasoning to justify good cause nor a special circumstance in demonstrating that the court's previous reasoning committed clear error.  In sum, Defendant fails to establish the legal requirements under Rule 59, and is therefore not entitled to reconsideration. Defendant's *Motion for Reconsideration* [Dkt. No. 35] is DENIED. Defendant shall file its answer to the Complaint within twenty (20) days. Clerk to schedule a pre-trial hearing thereafter.

SO ORDERED

San Juan, Puerto Rico, this 25th day of May, 2018.

Brian K. Tester
U.S. Bankruptcy Judge

---

[3] Opinion and Order dated 1/26/2018, denying Defendant's *Motion to Dismiss Complaint* [Dkt. No. 32].

4